UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Pension Trust Fund, Construction Industry Research and Service Trust Fund, and International Union of Operating Engineers, Local 150, AFL-CIO,<br><br>Plaintiffs,<br>v.<br><br>Sincere Landscaping, Inc.,<br><br>Defendant. | Civil Action<br><br>No. |

**COMPLAINT**

Plaintiffs Midwest Operating Engineers Pension Trust Fund ("MOE Pension Fund" or "the Fund"), Construction Industry Research and Service Trust Fund ("CRF") and International Union of Operating Engineers, Local 150, AFL-CIO, hereby file suit against Defendant, Sincere Landscaping, Inc. ("Sincere") to compel an audit.

**COUNT I – MOE PENSION FUND'S SUIT FOR AN AUDIT**

1. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Fund is located and administered in Cook County, Illinois.

3. International Union of Operating Engineers, Local 150, AFL-CIO ("the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

4. Defendant Sincere is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the landscaping industry with its principal office in Woodstock, Illinois.

5. Sincere identified Shayla Sincere as President (Exhibit A).

6. On July 1, 2013, Sincere through Shayla Sincere signed Memorandums of Agreement with the Union (attached as Exhibit B) that adopted the terms of a collective bargaining agreement ("CBA") known as the Landscape Construction Labor Agreement (attached as Exhibit C).

7. The CBA and the Agreements and Declarations of Trust incorporated therein require Sincere to make fringe benefit contributions to the MOE Pension Fund. The MOE Pension Fund is an "employee welfare benefit plan" and/or "plan" within the meaning of ERISA, 29 U.S.C. § 1002(3).

8. The CBA and Trust Agreements additionally require Sincere to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Fund for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Fund be required to file suit;

(c) Pay interest to compensate the Fund for the loss of investment income;

(d) Make its payroll books and records available to the Fund for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Fund in the audit where it is determined that Sincere was delinquent in the reporting or submission of contributions;

(e) Pay the Fund's reasonable attorneys' fees and costs incurred in the prosecution of any action to require Sincere to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f) Furnish to the Fund a bond in an amount acceptable to the Fund.

2

9. Sincere is delinquent and has breached its obligations to the Fund and its obligations under the Plans by its refusal to complete an audit as requested by the Fund.

10. The Fund has demanded that Sincere perform its obligations stated above, but Sincere has failed and refused to so perform (attached as Exhibit D).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Sincere Landscaping covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period January 1, 2015 to December 31, 2017;

B. Sincere be ordered to pay any amounts determined to be due pursuant to such audit;

C. Sincere be ordered to submit all delinquent monthly contribution reports to the Fund stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of the Fund and against Sincere for all costs of auditing Sincere's records, and the Fund's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Sincere be permanently enjoined to perform specifically its obligations to the Fund, and in particular, to continue submitting the required reports and contributions due thereon to the Fund in a timely fashion as required by the Plans and by ERISA; and,

F. The Fund receive such further relief as may be deemed just and equitable by the Court, all at Sincere's cost.

## COUNT II – CRF SUIT FOR AUDIT

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties and each party is situated with this judicial district.

3-6. CRF re-alleges and incorporates herein by reference paragraphs 3 through 6 of Count I as paragraphs 3 through 6 and as if fully stated herein.

7. The CBA and the Agreements and Declarations of Trust incorporated therein require Sincere to make fringe benefit contributions to CRF.

8. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

9. The CBA places similar obligations on Sincere with respect to CRF as it does the Fund. Sincere is delinquent and has breached its obligations to the CRF by failing and refusing to complete an audit as requested.

10. CRF has demanded that Sincere perform its obligations stated above, but Sincere has failed and refused to so perform. (See Exhibit D).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Sincere Landscaping covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period January 1, 2015 to December 31, 2017;

B. Sincere be ordered to pay any amounts determined to be due pursuant to such audit;

C. Sincere be ordered to submit all delinquent monthly contribution reports to the CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of CRF and against Sincere for all costs of auditing Sincere's records, and the CRF's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Sincere be permanently enjoined to perform specifically its obligations to the CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and,

F. CRF receive such further relief as may be deemed just and equitable by the Court, all at Sincere's cost.

Dated: August 27, 2018　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　By:　　s/ James Connolly, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for the Plaintiffs

5

| Attorneys for Local 150: | Attorney for the Funds and CRF: |
|---|---|
| Dale D. Pierson (*dpierson@local150.org*)<br>James Connolly, Jr. *(jconnolly@local150.org)*<br>Local 150 Legal Dept.<br>6140 Joliet Road<br>Countryside, IL 60525<br>Ph: (708) 579-6663<br>Fx: (708) 588-1647 | James Connolly, Jr. (*jconnolly@local150.org)*<br>Institute for Worker Welfare, P.C.<br>6141 Joliet Road<br>Countryside, IL 60525<br>Ph: (708) 579-6613<br>Fx: (708) 588-1647 |